UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LEILANI HAMMOCK, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>SHI INTERNATIONAL, CORP., a New Jersey Corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | NO.   2:21-cv-00937-WBS-JDP |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for September 13, 2021, and makes the following findings and orders without needing to consult with the parties any further.

I.   SERVICE OF PROCESS

All defendants have been served, and no further service

is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

## II.  JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.  Venue is undisputed and hereby found to be proper.

## IV. DISCOVERY

The parties agree to serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before October 7, 2021.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than July 11, 2022.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed, and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before August 8, 2022.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by September 6, 2022.  The word "completed" means that all discovery shall have been conducted so

1    that all depositions have been taken and any disputes relevant to
2    discovery shall have been resolved by appropriate order if
3    necessary and, where discovery has been ordered, the order has
4    been obeyed.  All motions to compel discovery must be noticed on
5    the magistrate judge's calendar in accordance with the local
6    rules of this court and so that such motions may be heard (and
7    any resulting orders obeyed) not later than September 6, 2022.
8    V.    MOTION HEARING SCHEDULE
9            All motions, except motions for continuances, temporary
10   restraining orders, or other emergency applications, shall be
11   filed on or before October 31, 2022.  All motions shall be
12   noticed for the next available hearing date.  Counsel are
13   cautioned to refer to the local rules regarding the requirements
14   for noticing and opposing such motions on the court's regularly
15   scheduled law and motion calendar.
16   VI.   FINAL PRETRIAL CONFERENCE
17            The Final Pretrial Conference is set for January 17,
18   2023, at 1:30 p.m. in Courtroom No. 5.  The conference shall be
19   attended by at least one of the attorneys who will conduct the
20   trial for each of the parties and by any unrepresented parties.
21            Counsel for all parties are to be fully prepared for
22   trial at the time of the Pretrial Conference, with no matters
23   remaining to be accomplished except production of witnesses for
24   oral testimony.  Counsel shall file separate pretrial statements,
25   and are referred to Local Rules 281 and 282 relating to the
26   contents of and time for filing those statements.  In addition to
27   those subjects listed in Local Rule 281(b), the parties are to
28   provide the court with: (1) a plain, concise statement which

identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VII. TRIAL SETTING

The jury trial is set for March 7, 2023 at 9:00 a.m. The parties estimate that the trial will last 10 to 15 days.

VIII.     SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference.  All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

IX.  MODIFICATIONS TO SCHEDULING ORDER

     Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

     IT IS SO ORDERED

Dated:  September 1, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE